tinued growing worse from year to year as the defendant increased its power, to February, 1900, when the plaintiff left the premises; that the plaintiff leased these premises, paying $3,000 a year rent, conducting a boarding house thereon; that the house accommodated about 25 people, and was continuously well filled up to the time the power house was built in 1888; that after the defendant constructed its power house the average number of boarders fell from 25 to about 20, and further decreased down to 1903, when the plaintiff left the premises, to about 15; that there was a decrease in the receipts after the power house was built from $25 to $50 a week, and that the receipts constantly decreased; that during the time of this decrease there was no change in the cost of maintaining the house for servants, lighting, and incidental expenses or rent other than the cost of provisions.

These conditions having been proved, the question as to the amount of the damage sustained by the plaintiff in consequence of the nuisance was a question for the jury, and its verdict was sustained by the evidence. There is no serious question as to rulings upon evidence. The charge was fair, and no exception to it requires consideration.

It follows that the judgment and order appealed from should be affirmed, with costs. All concur.

---

KNICKERBOCKER v. GROTON BRIDGE & MFG. CO.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

CORPORATIONS—ACTION FOR DISSOLUTION—COMPLAINT—SUFFICIENCY.

Code Civ. Proc. §§ 1785, 1786, provide for the maintenance of an action by a stockholder, for the dissolution of the corporation, where it has suspended its business for at least a year; and Stock Corporation Law, Laws 1896, p. 994, c. 932, as amended by Laws 1900, p. 1621, c. 760, provides for the dissolution of a corporation by action of the directors and vote of stockholders, provides for the giving of notice by publication and by mailing notices to stockholders, and on proper proceedings the Secretary of State is required to issue a certificate showing a compliance with the statute, whereupon the corporation shall be dissolved. In an action by a stockholder under sections 1785, 1786, the complaint alleged that the directors had caused proceedings to be instituted under Stock Corporation Law, Laws 1900, p. 1621, c. 760, resulting in the issuance of a certificate by the Secretary of State, but sought a vacation of the proceedings on the ground that they were fraudulently instituted, without any notice to minority stockholders, for the purpose of defrauding such stockholders and converting the corporate property. *Held*, that the complaint was demurrable, inasmuch as the allegation as to the absence of notice was a mere conclusion, and the motives of the directors were immaterial as against the certificate of the Secretary of State.

Appeal from Special Term, New York County.

Action by Edwin Natson Knickerbocker against the Groton Bridge & Manufacturing Company. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

W. Gerald Philippeau, for appellant.
Paul Eugene Jones, for respondent.

INGRAHAM, J. The demurrer to this complaint was upon the ground that there was a defect of parties defendant and that the complaint did not state facts sufficient to constitute a cause of action. The action was brought by a stockholder to dissolve a domestic corporation. The plaintiff alleges that he is the owner of 50 shares of the capital stock of the corporation, which consisted of 1200 shares, of the par value of $100 each; that the defendant has suspended its ordinary and lawful business for more than one year; that in January, 1900, the plaintiff received a report from the defendant of the condition of its business on December 21, 1889, showing a surplus, inclusive of its capital stock, amounting to over $600,000; that thereafter, and in May, 1900, the defendant had transferred and set over the greater part of its assets to a corporation known as the American Bridge Company, in consideration of the issuance and transfer to one Conger, as president of the defendant, by the said American Bridge Company, of a number of shares of the preferred and common stock of the said American Bridge Company of the par value of $100 each, and at the same time sold and transferred to the American Bridge Company certain of its uncompleted contracts for a sum exceeding $165,000; that thereafter, and on or about June, 1901, the directors of the said defendant corporation sold all its remaining assets to Conger at auction for the sum of $36,000; that on or about July, 1901, the directors of the defendant caused proceedings to be instituted pursuant to the provisions of section 57 of the stock corporation law (Laws 1900, p. 1621, c. 760) for the voluntary dissolution of the defendant, which proceedings resulted in the issuance of a certificate by the Secretary of State of the state of New York to the effect that it appeared from his records that the defendant had in all respects complied with section 57 of the stock corporation law in order to be dissolved in pursuance of the provisions thereof; that these proceedings were instituted without notice to the plaintiff, or to the minority stockholders of the defendant corporation, and were so instituted for the purpose of defrauding the plaintiff and the minority stockholders, and in furtherance of a combination and conspiracy on the part of the then directors of the defendant to deprive the plaintiff and the minority stockholders of their rights and interests in and to the assets of the defendant, and for the sole purpose and as a convenient method to convert the property of the defendant corporation to their own use and benefit; that although these so-called dissolution proceedings were had and completed, in so far as the same could be completed in the absence of notice to all of the stockholders of the defendant, in July, 1901, neither the directors of the defendant, nor any or either of them, had ever accounted for the property of the defendant committed to their charge as trustees of the stockholders; that the plaintiff duly demanded such an accounting of the defendant and of its directors, but that this demand had not been complied with; that prior to the commencement of this action the plaintiff submitted to the Attorney General a verified statement of facts showing the grounds for an action under the provisions of section 1785, subd. 3, of the Code of Civil Procedure; that more than 60 days had elapsed since the said submission to the Attorney General, and that he had omitted to commence the action specified in said section of the Code;

that thereupon the plaintiff, prior to the commencement of this action, obtained leave of the court to bring this action. The judgment demanded is that the corporation be dissolved; that these voluntary proceedings be vacated and set aside as irregular and void, and in fraud of the minority stockholders of the defendant; that the defendants and its directors and officers be enjoined and restrained from exercising any of its corporate rights, privileges, and franchises, and from collecting or receiving any debts or demands or other assets of the defendant, and from paying out or in any way transferring or delivering to any person any of the moneys, property, or effects of the defendant until the further order of the court; and that a receiver of the defendant be appointed pursuant to the provisions of section 1788 of the Code of Civil Procedure.

The plaintiff bases this action upon section 1785 of the Code of Civil Procedure, which provides that a judgment dissolving a corporation created by or under the laws of this state may be maintained "(3) where it has suspended its ordinary and lawful business for at least one year." Section 1786 provides that an action specified in section 1785 of the Code may be maintained by the Attorney General, and whenever a creditor or stockholder of any corporation submits to the Attorney General a written statement of facts verified by oath, showing grounds for an action under the provisions of section 1785 of the Code, then and not otherwise such creditor or stockholder may apply to the proper court for leave to commence such an action, and on obtaining leave may maintain the same accordingly. The complaint having alleged the fact that the ordinary and lawful business of the corporation had been suspended for at least a year and the submission of a written statement of the facts to the Attorney General, and his failing to institute an action within 60 days, the plaintiff was entitled to maintain this action unless other facts alleged were a bar to the action; and it was because of the allegation of these facts that the learned court at Special Term held that the plaintiff could not maintain the action.

The plaintiff takes the point that as by these allegations he has merely anticipated a defense the proper remedy of the defendant was a motion to strike out these allegations. If, however, on the facts pleaded the plaintiff could not maintain the action, the complaint is demurrable. The facts alleged which the court below considered a bar were that in July, 1901, the directors of the defendant caused proceedings to be instituted pursuant to the provisions of section 57 of the stock corporation law for the voluntary dissolution of the defendant, resulting in the issuance of a certificate by the Secretary of State of the state of New York to the effect that it appeared from his records that the defendant had in all respects complied with said section in order to be dissolved in pursuance of the provisions thereof. If the legal result of a proceeding under section 57 of the stock corporation law was to dissolve the corporation, then this action could not be maintained, as by operation of law the corporation had become dissolved. Section 57 of the stock corporation law (chapter 932, p. 994, of the Laws of 1896, as amended by chapter 760, p. 1621, of the Laws of 1900) provides:

"Any stock corporation, except a moneyed or a railroad corporation, may be dissolved before the expiration of the time limited in its certificate of incorporation or in its charter as follows: The board of directors of any such corporation may at a meeting called for that purpose upon, at least, three days' notice to each director, by a vote of a majority of the whole board, adopt a resolution that it is in their opinion advisable to dissolve such corporation forthwith, and thereupon shall call a meeting of the stockholders for the purpose of voting upon a proposition that such corporation be forthwith dissolved. Such meeting of the stockholders shall be held, not less than thirty nor more than sixty days after the adoption of such resolution, and the notice of the time and place of such meeting so called by the directors shall be published in one or more newspapers published and circulating in the county wherein such corporation has its principal office, at least once a week for three weeks successively next preceding the time appointed for holding such meeting, and on or before the day of the first publication of such notice, a copy thereof shall be served personally on each stockholder, or mailed to him at his last known post office address. * *. * If at any such meeting of the holders of two thirds in amount of the stock of the corporation, then outstanding, shall, in person or by attorney, consent that such dissolution shall take place and signify such consent, in writing, then, such corporation shall file such consent, attested by its secretary or treasurer, and its president or vice-president, * * * in the office of the Secretary of State. The Secretary of State shall thereupon issue to such corporation, in duplicate, a certificate of the filing of such papers, and that it appears therefrom that such corporation has complied with this section in order to be dissolved, and one of such duplicate certificates shall be filed by such corporation in the office of the clerk of the county in which such corporation has its principal office; and thereupon such corporation shall be dissolved and shall cease to carry on business, except for the purpose of adjusting and winding up its business."

The statute then authorizes the board of directors to proceed to liquidate the affairs of the company and to wind up its business. If by a compliance with the provisions of this statute and the issuance of the certificate of the Secretary of State, as therein provided, the corporation becomes dissolved, thereafter no action under sections 1785 and 1786 of the Code could be maintained for that purpose. The complaint alleges that a proceeding was instituted under this section and that such proceeding resulted "in the issuance of a certificate by the Secretary of State of the state of New York, to the effect that it appeared from his records that the defendant had in all respects complied with section 57 of the stock corporation law, in order to be dissolved in pursuance of the provisions thereof." That allegation, thus standing alone, was an allegation of a compliance by this corporation with the provisions of this section and that the corporation was dissolved. The plaintiff, however, asks, as a part of the relief to which he claims to be entitled, that this proceeding which resulted in a dissolution of the corporation be vacated and set aside as irregular and void and in fraud of the minority stockholders of this defendant. To sustain this demand for relief which must be granted before the plaintiff would maintain an action to dissolve the corporation, he alleged that these voluntary dissolution proceedings were instituted without any notice to the plaintiff or to the minority stockholders of the defendant; that these dissolution proceedings were instituted for the purpose of defrauding the plaintiff and the minority stockholders and in furtherance of a combination and conspiracy on the part of the then directors of the defendant to deprive the plaintiff and the minority

stockholders of their rights and interests in and to the assets of the defendant, and for the sole purpose and as a convenient method to convert the property of the defendant corporation to their own use and benefit; and, further, that the directors of the corporation have never accounted for the assets of the corporation received by them, although such an accounting has been demanded. But a failure of the directors to account has no relation to this cause of action, as the plaintiff has his remedy in a proper action to compel such an accounting.

The right of the plaintiff to ask that this dissolution proceeding be declared void depends upon the allegations of the thirteenth paragraph of the complaint. The facts there alleged are that the so-called voluntary dissolution proceeding was instituted without any notice to the plaintiff. It is not alleged that the notice required to be published by the statute was not published, or that no notice was mailed to the stockholders, as therein provided, but simply that the proceeding was instituted without notice to the plaintiff or to the minority stockholders. This allegation is necessarily a conclusion, not based upon any fact alleged to show that the provision of the statute has not been complied with. The clear intent was to make the certificate of the Secretary of State evidence of the due performance of the provisions of the statute, and I do not think that this allegation is sufficient to base a claim for a revocation of this proceeding based upon a failure of the directors to publish and mail the notice required by section 57 of the stock corporation law. The further allegation as to the purpose for which these proceedings were instituted is not the allegation of a fact which justifies a judgment declaring them void. The mere motive of the directors in instituting proceedings is entirely immaterial. If the proceeding was conducted according to the statute, if the steps required by the statute to dissolve the corporation were taken, and the corporation thereby became dissolved, certainly the proceedings cannot be vacated because the plaintiff alleges that the motives of the directors were fraudulent. I think, therefore, that the complaint does not state facts sufficient to constitute a cause of action.

The learned trial court also held that there was a defect of parties defendant, in that the officers and directors whose conduct was complained of were not made defendants. If the action was solely to dissolve the corporation, I do not think the officers and directors proper parties. If a judgment was asked against them, of course, they would be. Upon the ground, however, that the complaint fails to state facts sufficient to constitute a cause of action, the demurrer was properly sustained.

It follows that the judgment appealed from must be affirmed, with costs to the respondents, with leave to the plaintiff to serve an amended complaint within 20 days, upon payment of the costs in this court and in the court below. All concur.