GEORGE W. KAVANAUGH, Appellant, *v.* KAVANAUGH KNITTING CO., INC., and Others, Respondents.

GEORGE W. KAVANAUGH, Appellant, *v.* KAVANAUGH KNITTING CO., INC., and Others, Respondents.

Third Department, November 13, 1918.

Corporations — suit to have resolution of directors, submitting to stockholders question of dissolution, declared invalid — injunction — validity of resolution for dissolution — pleading — allegations of fraudulent acts and of bad faith — conclusions.

Where in a suit to have declared invalid a resolution of the directors of a corporation submitting to the stockholders the question of its dissolution pursuant to section 221 of the General Corporation Law, and to prevent the stockholders' meeting for that purpose, it appears that the defendants, owning two-thirds of the stock and being the sole directors, favor the dissolution, and that the plaintiff, owning the other one-third of the stock, objects because he wants the business to continue but is unwilling to pay the defendants, his brothers, who manage the business, the sum demanded by them for their services and wants their compensation fixed by the court, the resolution is valid and an order granting defendants' motion for judgment on the pleadings should be affirmed, and plaintiff's motion for an injunction *pendente lite* denied.

The allegations of fraud and bad faith by the plaintiff are mere conclusions from the facts alleged and cannot defeat the action of the defendant directors in calling a stockholders' meeting to vote upon a dissolution.

A mere conclusion that an act is fraudulent or was done for a fraudulent purpose is of but little force when no facts are alleged sustaining such conclusion and is of no force when the facts alleged show that the conclusion is without foundation.

The first appeal is from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 10th day of July, 1918, denying plaintiff's motion for an injunction *pendente lite.*

The second appeal is from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 9th day of July, 1918, granting the defendants' motion for judgment on the pleadings consisting of the complaint and answer.

*George D. Zahm* and *A. S. Gilbert* of counsel, for the appellant.

*Brackett, Todd, Wheat & Wait* [*Edgar T. Brackett* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The object of the action is to have declared invalid a resolution of the directors of the defendant company submitting to the stockholders the question of its dissolution, and to prevent the stockholders meeting for that purpose. The corporation is owned by the plaintiff and his brothers, Charles and Frederick, each owning or controlling 1,000 shares of the capital stock of $300,000. The papers read upon the motion show clearly that the resolution is valid and that the injunction was properly denied.

The order for judgment upon the pleadings rests upon the complaint itself. By making the motion, the defendants, for the purposes of the action, admit the material allegations of the complaint. Every allegation, inference and conclusion does not stand admitted; the admission only relates to the material allegations of fact and the reasonable inferences following from such facts.

Taking the complaint as true, we find that the defendants Charles and Frederick have removed the plaintiff, their brother, from the directorate and all official connection with

the company.   While he was a director he was in a hopeless minority, and they were able to pass any resolution desired by a two-thirds vote.   It was not,   therefore, necessary to retire him from the directorate in order to carry out any scheme or purpose they might have against him or the company.   The only inference, therefore, properly arising from his removal is that they did not want to act with him.   He has no legal grievance on account of his retirement.

They voted themselves excessive salaries, and refused to rescind the resolution at his request.   Thereupon he brought an action against them and the company to restrain them from receiving any salary or compensation more than the reasonable value of the services rendered, which action is still pending.   The defendant brothers caused to be passed a resolution of the board of directors that it was advisable that the defendant corporation be dissolved pursuant to section 221 of the General Corporation Law, and called a meeting of the stockholders to pass upon that question.   These facts show conclusively that a state of hostility exists between the plaintiff and his brothers, the stockholders of said company; that he is accusing them of fraud and of taking money from the corporation without right; that they refused to serve for less than the compensation fixed by them and that the plaintiff refuses to allow them to have . the compensation they demand.   The plaintiff's supposed grievance is summed up in the 52d paragraph of the complaint; that the resolution was not the result of the honest, unbiased judgment of the directors as trustees for all the stockholders and of the honest *bona fide* consideration of any facts affecting the general interest of the corporation and of all the stockholders, which would make it advisable that the corporation be dissolved, and that the resolution so passed by the board of directors " was in affirmative bad faith and for the sole purpose of permitting the individual defendants Charles H. Kavanaugh and Frederick W. Kavanaugh, as the owners of two-thirds of the issued and outstanding capital stock of the defendant corporation to dissolve the same against the will and desire of the plaintiff, who is the owner of one-third of such stock, and for the purpose of depreciating the value of the corporate property and of the. plaintiff's proportionate interest therein."

The situation, then, is that two-thirds of the stock and all of the directors favor a dissolution of the corporation; the plaintiff, owning one-third of the stock, objects, and the reason of the objection is that he wants the business to continue, but is unwilling to pay the brothers, who manage the business, the sum they demand for their services and wants the value of their services fixed by the court. Notwithstanding the apparent enmity existing between the brothers, he is seeking to have the court compel them to carry on this business for his benefit, against their wishes, and to compel them to work for less than they are willing to accept. The paragraph quoted shows an actual intent to dissolve the corporation. The action and motion are based upon the theory that dissolution will follow unless the court prevents it. The claim that the resolution is invalid because two-thirds of the stock is forcing a dissolution upon one-third is of but little force, as the statute recognizes the right of two-thirds of the stock to control upon that question. ·The suggestion ·that it will depreciate the value of the corporate property may be true; but each of the brothers must stand an equal loss, and if the plaintiff's stock is depreciated that of each brother will be equally depreciated. All stockholders will be treated alike. There is no allegation that the plaintiff is unable to take care of his interest on a public sale, or that any advantage is to be taken of him at the sale, or by reason of the dissolution, except the general depreciation in the value of all of the corporate stock. The court will determine when and how the corporate property shall be sold, and will impose such terms that justice will be done to all the stockholders. No suggestion of any wrong to the plaintiff is made; he is simply being deprived of the right to the benefit of his brothers' services. The directors and managers of the business are free men, and may work or not as they desire. They may refuse to work unless paid the compensation they demand. The plaintiff cannot have the benefit of their services unless he co-operates with them in making an arrangement, mutually satisfactory, for compensating them. The management has been successful, and the defendant brothers are not required to turn it over to the plaintiff or to strangers. The result follows that unless the brothers can work harmoniously

together, the interest of the stockholders and the family require that the corporation be dissolved.

The defendant brothers, by becoming directors, did not abandon their interests as stockholders, or their right to protect their own interests, or put themselves in a position where they must forget themselves and act for the plaintiff. They represent all the stock, and each stockholder may vote his stock at his pleasure, and the real interest of two-thirds of the stock, so long as the other third shares proportionately, must control the corporation. The theory of a corporation is that the majority rules except in cases where the law otherwise provides, and the plaintiff, when he acquired his interest in the corporation, took it subject to the right of control, of management and of dissolution by the other two-thirds. No legal right of the plaintiff is threatened. If he loses by the dissolution of the company, it is an incident which must follow ownership in any stock corporation that the requisite number of stockholders may require a dissolution when desired. No rational course can be suggested for the continuance of the corporation as a business concern unless the brothers can agree upon its management and cease to use the corporation and its business as a battle ground.

It is said that facts were not brought to the attention of the directors at the meeting which indicated that the dissolution was desirable; but each director came to the meeting with all the knowledge which he as a stockholder or otherwise had, and each of them knew that two-thirds of the stock desired a dissolution, and they also knew that two-thirds of the stock refused to continue in the business with the plaintiff and that the directors of the company refused to continue business relations with him. They also knew that the stockholders could not agree about the management of the business and that an unseemly litigation was going on to the disadvantage of the company and its business. The facts alleged compel the conclusion which the directors arrived at that a dissolution is desirable, and the conduct of all of the brothers necessarily led to that result. The allegations of fraud and of bad faith are entirely immaterial, and are mere statements of the conclusions which the pleader puts upon the facts alleged, and are inconsistent with the reasonable

inferences to be drawn from them.   A mere conclusion that an act is fraudulent, or was done for a fraudulent purpose, is of but little force when no facts are alleged sustaining such conclusion, and is of no force when the facts alleged show that the conclusion is without foundation.

*Knickerbocker* v. *Groton Bridge & Mfg. Co.* (111 App. Div. 145) and *Elbogen* v. *Gerbereux Flynn Co.* (50 id. 623) show that a mere allegation of bad faith in the passage of such a resolution cannot defeat the action of the directors in calling a stockholders' meeting to vote upon a dissolution.   We are unwilling to say that there can be no case where the court will restrain a stockholders' meeting, and declare invalid a resolution calling such meeting, on the ground that it was a fraudulent act. If such proceeding is initiated by irresponsible directors, not for the purpose of dissolving the corporation but for stockjobbing purposes, or to benefit a rival concern in which they are interested, equity might well declare the resolution void. But such considerations have no application here; there is here a real intention on the part of two-thirds of the stock and all of the directors to have an actual dissolution.   The holders of two-thirds of the stock, who cannot work in harmony with the plaintiff, insist on severing relations with him.   The managers of the business, who own two-thirds of the stock, refuse to work longer in the interest of the plaintiff except for a compensation which they have fixed and which he is seeking in the courts to overthrow.   The litigation pending must be injurious to the company and the business.   We cannot, by a judgment of the court, compel them to serve him on his terms, or on any terms not agreeable to them.

We conclude that the allegations of fraud and bad faith are mere conclusions of the pleader from the facts alleged; that his conclusions are erroneous and that the directors were authorized to pass the resolution and it is valid.

The orders should, therefore, be affirmed, with costs.

In each case:  Order unanimously affirmed, with ten dollars costs and disbursements.